UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN THE MATTER OF THE ESTATE OF THOMAS C. WISLER, SR. | )<br>)<br>) CAUSE NO. 1:15-cv-01748-WTL-DKL<br>) |
| IN THE MATTER OF THE MOTION FOR INDIANA TRIAL RULE 41(E) DISMISSAL OF CLAIM 004 FILED IN THE MATTER OF THE ESTATE OF THOMAS C. WISLER, SR., Marion County Superior Court, Probate Division, Cause No. 49D08-1411-EU-38019. | )<br>)<br>)<br>)<br>)<br>)<br>) |

**ENTRY ON MOTION TO REMAND**

Before the Court is the personal representatives' fully briefed Motion to Remand SBA's Probate Claim to State Court (Dkt. No. 8).[1] The Court, being duly advised, now **GRANTS** the personal representatives' motion for the reasons set forth below.

**I.      BACKGROUND**

Thomas C. Wisler, Sr., died on October 29, 2014. On November 19, 2014, Mr. Wisler's estate was opened in the Marion County, Indiana, Superior Court, Probate Division as Cause Number 49D08-1411-EU-38019 (the "Estate"). On August 28, 2015, the United States Small Business Administration ("SBA") filed a claim against the Estate. On October 6, 2015, the Estate's personal representatives filed in state court a Motion to Dismiss the SBA's claim, arguing that the SBA failed to comply with a Marion Superior Court Probate Rule and that,

---

[1] Although the personal representatives entitled their motion "Motion to Remand SBA's Probate Claim to State Court," the SBA removed only the "proceedings regarding the 'Motion for Indiana Trial Rule 41(E) Dismissal of Claim 004' filed in *In the Matter of the Estate of Thomas C. Wisler, Sr.*, Marion County Superior Court, Probate Division, Cause No. 49D08-1411-EU038019.'" Dkt. No. 8. Accordingly, the Court's Entry only addresses the proceedings removed.

1

pursuant to Indiana Trial Rule 41(E), its claim should be dismissed. Dkt. No. 1-3. Asserting jurisdiction under 28 U.S.C. § 1442, on November 5, 2015, the SBA removed to this Court "all proceedings related to [the personal representative's motion to dismiss]." Dkt. No. 1.

The personal representatives seek to remand to state court their motion to dismiss. First, they argue that removal to this Court is improper because their motion is not a "civil action" within the meaning of 28 U.S.C. § 1442. They contend that, because it "is directed at neither SBA nor its agents," "does not seek damages, contempt, or any other remedy against SBA or its agents," and the statute "contemplates removal of only <u>offensive</u> proceedings against a Federal agency," it is not a civil action pursuant to the statute. Dkt. No. 8 at 2-3 (emphasis in original). Second, they argue that "[r]emoval is improper because the Indiana Probate Court has exclusive jurisdiction over *in rem* property, the administration of Estate proceedings, and any local rules therein." *Id.* at 3.

## II.   DISCUSSION

Title 28, United States Code section 1442 creates "an exception to the 'well-pleaded complaint' rule." *Rodas v. Seidlin*, 656 F.3d 610, 616-17 (7th Cir. 2011) (citing *Kircher v. Putnam Funds Trust*, 547 U.S. 633, 644 n. 12 (2006)). Section 1442(a)(1) provides, in part, for the removal to the district court of the following:

> [a] civil action . . . that is commenced in a State court and that is against or directed to . . . the United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for . . . the collection of revenue.

"The forebear of Section 1442(a)(1) was enacted near the end of the War of 1812, in 'an attempt to protect federal officers from interference by hostile state courts.'" *Rodas*, 656 F.3d at 617 (quoting *Watson v. Philip Morris Cos., Inc.*, 551 U.S. 142, 147 (2007)). When the statute

was created, it allowed for removal by federal officers only.  *See Int'l Primate Protection League v. Admins. of Tulane Educ. Fund*, 500 U.S. 72, 79–80 (1991) (holding only federal officers, not agencies, could use 28 U.S.C. § 1442(a)(1) to remove to federal court).

In response to the decision in *International Primate Protection League*, Congress amended the law to allow the United States and its agencies to remove matters to federal court. *See* 28 U.S.C. § 1442(a)(1) (1996) (amended 2011); *see also* S. Rep. 104–366 at 30 (1996) *reprinted in* 1996 U.S.C.C.A.N. 4202, 4210 (1996) ("This section allows civil actions and criminal prosecutions against Federal agencies as well as those against Federal officers sued in either an individual or official capacity to be removed to Federal district court.").[2]

In 2011, Congress passed the Removal Clarification Act of 2011 in response to "recent Federal court cases that reflect an inter- and intra-circuit split as to whether State 'pre-suit discovery' laws qualify as civil actions or criminal prosecutions that are removable."  *See* H.R. Rep. No. 112-71(1) at 2 (2011) *reprinted in* 2011 U.S.C.C.A.N. 420, 421 (2011).  The Removal Clarification Act of 2011 added, among other things, the language found in section 1442(d)(1) regarding "civil action" and "criminal prosecution."  *See* 28 U.S.C. § 1442(c) (2011) (amended

---

[2]  The legislative history at that time also stated that "[t]his section does not alter the requirement that a Federal law defense be alleged for a suit to be removable pursuant to 28 U.S.C. 1442(a)(1)."  *See* S. Rep. 104–366 at 31 *reprinted in* 1996 U.S.C.C.A.N. 4202, 4211.  Moreover, the Supreme Court has held that federal officers must assert a colorable federal defense for removal pursuant to 28 U.S.C. § 1442.  *See Mesa v. California*, 489 U.S. 121, 135 (2007).  In that case, the Supreme Court concluded that, by the statutory language "in the performance of duties" and "under color of office," "Congress meant by both expressions to preserve the pre-existing requirement of a federal defense for removal." *Id.* (citing *Gay v. Ruff*, 292 U.S. 25, 33-35 (1934)).  No such defense, however, is required when either the United States or a federal agency seeks removal because, under such circumstances, there are no Article III "arising under" concerns.  *See, e.g.*, *City of Cookville v. Upper Cumberland Elec. Membership Corp.*, 484 F.3d 380, 391 (6th Cir. 2007) (In the context of the United States or a federal agency, "[t]he requirement of a colorable federal defense . . . is not necessary to ensure the constitutionality of § 1442(a) under Article III of the Constitution.").  Instead, the United States or "a federal agency defendant may remove without more." *Id.* at 389-90.

3

2013).  Section 1442(d)(1) defines "civil action" and "criminal prosecution" to "include any proceeding (whether or not ancillary to another proceeding) to the extent that in such a proceeding a judicial order, including a subpoena for testimony or documents, is sought or issued."  28 U.S.C. § 1442(d)(1).

Although Congress noted that it was concerned with state court pre-suit discovery laws, the plain language of the statute is much broader than necessary to reach Congress' stated goal. As a result, the Court applies the statute to these proceedings, which are outside of the pre-suit discovery context.  "As we have repeatedly held, the authoritative statement is the statutory text, not the legislative history or any other extrinsic material."  *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 568 (2005); *see also Owner-Operator Indep. Drivers Ass'n, Inc. v. Mayflower Transit, LLC*, 615 F.3d 790, 792 (7th Cir. 2010) ("What Congress meant to do, but didn't, is not the law.  So when a statute's language conflicts with its legislative history[,] . . . it is the enacted text rather than the unenacted legislative history that prevails"); *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 985 (7th Cir. 2008) ("Legislative history may help disambiguate a cloudy text by showing how words work in context; it does not permit a judge to turn a clear text on its head").  This application is consistent with that of other federal district courts.  *See, e.g.*, *Heinrich v. Dep't of Treasury*, No. 8:14CV401, 2015 WL 2085712 (D. Neb. May 5, 2015) (finding of magistrate judge proposing application of 28 U.S.C. § 1442's grant of jurisdiction to disallowance of claim in state court probate matter), *entered as final order*, No. 8:14CV401, Dkt. No. 31 (D. Neb. Sept. 3, 2014); *Goncalves v. Rady Children's Hosp. San Diego*, 65 F. Supp. 3d 985 (S.D. Cal. 2014) (applying 28 U.S.C. § 1442's grant of jurisdiction to motion to expunge subrogation lien in state court medical malpractice action), *appeal docketed*, No. 15-55010 (9th Cir. Jan. 5, 2015).

Applying the statutory text to the facts in this matter, the personal representatives' motion to dismiss is a proceeding (ancillary to Mr. Wisler's estate proceeding and also to the SBA's claim) in which the personal representatives seek a judicial order – the granting of the motion to dismiss. Consequently, it is a civil action within the meaning of the statute because it was commenced in state court and directed to the SBA, a federal agency (*see* 15 U.S.C. § 633 (defining the SBA as an agency of the United States)), and is therefore removable to this Court.

The personal representatives argue that removal is nonetheless improper because the "probate exception" grants the Indiana Probate Court "exclusive jurisdiction over *in rem* property, the administration of Estate proceedings, and any local rules therein." Dkt. No. 8 at ¶12. The probate exception, which was created by the courts, divests a federal court of its jurisdiction in particular circumstances. *Georges v. Glick*, 856 F.2d 971, 973 (7th Cir. 1988). The exception "was thought compelled by the phrase 'judicial Power of the United States,' in Article III of the Constitution." *Struck v. Cook Cnty. Pub. Guardian*, 508 F.3d 858, 859 (7th Cir. 2007) (citing *Jones v. Brennan*, 465 F.3d 304, 306-07 (7th Cir. 2006)). "The federal judiciary['s power] was modeled on the three British royal courts at Westminster," which generally did not hear probate or domestic relations matters; those matters were instead "consigned to other courts." *Struck*, 508 F.3d at 859.

In *Markham v. Allen*, 326 U.S. 490, 494 (1946), the Supreme Court described the exception as follows:

> [F]ederal courts of equity have jurisdiction to entertain suits in favor of creditors, legatees and heirs and other claimants against a decedent's estate to establish their claims so long as the federal court does not interfere with the probate proceedings or assume general jurisdiction of the probate or control of the property in the custody of the state court.

(internal quotations omitted).  Following *Markham*, the Supreme Court revisited the exception, noting that the phrase "'interfere with the probate proceedings'" "is not a model of clear statement" and had led to a broadening of the exception.  *Marshall v. Marshall*, 547 U.S. 293, 310-11 (2006).  In an attempt to clarify the narrow scope of the exception, the *Marshall* court defined the exception like so:

> [T]he probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; is also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court.

*Id*. at 311-312.  "[I]t does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction."  *Id.* at 312.  It does not preclude, for example, federal jurisdiction of widely recognized torts, including claims of tortious interference and breach of fiduciary duty.  *See, e.g.*, *id.* (holding that probate exception did not apply to tortious interference claim); *Jones*, 465 F.3d at 308 (opining that probate exception would not bar breach of fiduciary duty claim if facts suggested it did not affect the estate's administration).

In *Dragan v. Miller*, 679 F.2d 712, 715 (7th Cir. 1982), prior to the Supreme Court's decision in *Marshall*, the Seventh Circuit adopted a "practical approach" to determining the applicability of the probate exception.  This approach is equally applicable today.  *See, e.g.*, *Struck*, 508 F.3d at 859-60 (summarizing, post-*Marshall*, practical bases for the probate and domestic relation exceptions, as developed in *Dragan* and thereafter); *Jones*, 465 F.3d at 307 (same).  It requires this Court to consider whether "allowing [a matter] to be maintained in federal court would impair the policies served by the probate exception."  *Dragan*, 679 F.2d at 715-16.  The policies include "promot[ing] judicial economy," which "serves to preserve the resources of both the federal and state judicial systems."  *Storm v. Storm*, 328 F.3d 941, 944 (7th Cir. 2003).  Additionally, there exists a policy of "encourag[ing] legal certainty – that is, to

ensure that the outcomes of probate disputes will be consistent by limiting their litigation to one court system, rather than providing disputants the choice between two." *Id.* (citing *Dragan*, 679 F.2d at 714). Finally, the Court must also consider the "'relative expertness'" of the state court. *Id.* (citing *Dragan*, 679 F.2d at 715). "State courts . . . are assumed to have developed a proficiency in core probate . . . matters and to have evolved procedures tailored to them, and some even employ specialized staff not found in federal courts." *Struck*, 508 F.3d at 860. "The comparative advantage of state courts in regard to such matters is at its zenith when the court is performing ongoing managerial functions for which Article III courts . . . are poorly equipped. So the 'exception' is akin to a doctrine of abstention." *Id*.

The personal representatives argue that the probate exception applies "because the SBA's estate claim seeks to collect undistributed property held by the Estate under the custody and supervision of the Marion County Probate Court" and "a federal order directing the Estate make payment to SBA intrudes upon the Marion County Probate Court's exclusive jurisdiction. . . . [and] upon [its] authority to set its own local rules for the orderly administration of estates." Dkt. No. 8 at ¶¶ 14, 17, & 18.

Contrary to the personal representatives' argument, the SBA removed "all proceedings regarding the [personal representatives' motion to dismiss]," not the entire Estate matter. *See* Dkt. No. 1. The SBA, therefore, does not ask this Court to "dispose of property that is in the custody of a state probate court." *Marshall*, 547 U.S. at 312. Instead, it asks this Court to rule on the motion to dismiss only, which would merely determine whether the SBA's claim should be dismissed rather than remain pending before the state probate court, leaving the probate court to dispose of property in its custody.

Although the motion to dismiss does not seek distribution of property, as noted above, the probate exception is not so limited. Estate administration necessarily entails managerial and clerical duties directly tied to preserving and distributing an estate, which includes examining and applying the procedural rules that facilitate an estate's administration. By seeking to dismiss the SBA's claim based on a potential local probate rule violation, the motion to dismiss seeks a result that would be a direct act of administration in a pending probate proceeding, and "the probate exception reserves to state probate courts . . . the administration of a decedent's estate." *Id*. at 311.

Moreover, such tasks invoke each of the practical bases for the application of the probate exception. Judicial economy is furthered by applying the exception because remanding the motion to dismiss, an isolated piece of a pending Estate, preserves the resources of both the federal and state judicial systems. Remand also encourages legal certainty. By leaving the state court to rule on the motion to dismiss, this Court ensures consistent results related to disputes examining local probate rules and the state's probate code. In addition, remand allows the Court to defer the motion to the expertise of a specialized court, the Marion County Superior Court, Probate Division, which handles probate matters exclusively. For all of these reasons, the probate exception warrants remand in this instance.

### III.     CONCLUSION

For the reasons set forth above, the Court finds that the probate exception applies, divesting this Court of jurisdiction over the motion to dismiss. Accordingly the motion to remand is **GRANTED**.

SO ORDERED: 1/25/16

*William T Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution to all registered counsel by electronic notification via CM/ECF

Distribution via U.S. Mail to:
Marion County Superior Court Probate Division
200 E. Washington St. #T-1221
Indianapolis, IN 46204